UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICHOLAS DRAYTON-HAMILTON,

      Plaintiff,

-against-

CAPITAL ONE FINANCIAL CORPORATION and JAMIE RUDY,

      Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff NICHOLAS DRAYTON-HAMILTON ("Plaintiff" or "Mr. Hamilton") by and through his attorneys, FISHER TAUBENFELD LLP, complains of CAPITAL ONE FINANCIAL CORPORATION ("Capital One" or the "Company") and JAMIE RUDY ("Defendant Rudy") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This action is brought to challenge Defendants' practice of race discrimination, color discrimination, and retaliation against Plaintiff, in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the 1964 Civil Rights Act ("Title VII"), and the Administrative Code of the City of New York, § 8-101 *et seq.* ("City Law").

2. This action is also brought to challenge Defendants' practice of not paying overtime wages to Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and New York State Labor Law ("NYLL") and their failure to provide proper wage statements in violation of NYLL §195.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

4. Supplemental jurisdiction over Plaintiff's City Law and NYLL claims is conferred by 28 U.S.C. § 1367(a). Plaintiff was employed by Defendants in the City of New York.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Capital One maintain offices and conduct business in this district. Plaintiff was employed by Defendants in this district.

6. Plaintiff has satisfied all jurisdictional prerequisites under Title VII. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and on August 23, 2018 received a Notice of Right to Sue.

7. Pursuant to § 8-502(c) of City Law, within 10 days of filing this complaint with the Court, Plaintiff will serve a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## PARTIES

### *Plaintiff*

8. Mr. Hamilton is an adult individual who resides in the State of New York, County of Queens.

9. Mr. Hamilton was employed as a Relationship Banker by Defendants from October 2015 to December 2017, when Defendants unlawfully terminated him on account of his race (African American) and color (black) and in retaliation for his complaints of discrimination.

10. At all times during his employment with Defendants, Mr. Hamilton was qualified for his

position and carried out his job duties with diligence and care, meeting or exceeding performance expectations.

### *Defendants*

11. Upon information and belief, Capital One is a foreign corporation organized and existing under the laws of the State of New York, which maintains a place of business located at 116-01 Rockaway Beach Boulevard, Rockaway Park, New York 11694 ("Rockaway Park Branch").

12. Capital One is a global financial services firm that serves consumers, small businesses, and corporate and institutional clients worldwide.

13. At all relevant times, Capital One has continuously been doing business in the City of New York and has continuously employed fifteen (15) or more employees, and accordingly is an "employer" within the definition of the Title VII and City Law.

14. Defendant Rudy was employed by Capital One and served as Branch Manager of the Rockaway Park Branch during Mr. Hamilton's employment.

15. Defendant Rudy was an employer individually liable for discrimination against Mr. Hamilton under City Law, given that he had power to do more than carry out personnel decisions made by others. At all relevant times hereto, Defendant Rudy supervised Plaintiff.

16. Defendant Rudy recommended, participated in, or carried out the adverse actions against Plaintiff and therefore aided and abetted in the discriminatory and/or retaliatory acts against Plaintiff.

17. Defendant Rudy possessed the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records at the Rockaway Park Branch.

18. Defendant Rudy set and/or approved the payroll practices for employees (including Plaintiff) at Capital One's Rockaway Park Branch.

19. Defendant Rudy possessed operational control over the Rockaway Park Branch and its employees.

20. He set Plaintiff's schedule, had the authority to discipline Plaintiff, and made the decision to fire Plaintiff.

21. Defendant Rudy exercised sufficient operational control to be considered Plaintiff's employer under FLSA and NYLL.

22. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

23. Upon information and belief, at all times relevant hereto, Capital One has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

24. At all relevant times hereto, Defendants have been "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

25. Plaintiff and Defendants' other employees regularly handle banking transactions for interstate commerce.

26. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

27. Defendant constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

28. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

**FACTUAL ALLEGATIONS**

29. In October 2015, Capital One hired Mr. Hamilton as a Relationship Banker at the Rockaway Park Branch.

30. As a Relationship Banker, Mr. Hamilton was responsible for, among other things:

   i. interfacing with new and existing customers to identify and service their banking needs and to enhance customer retention and engagement;

   ii. taking an active role in educating customers on various banking channels with the goal of selling additional products and services; and

   iii. acting as a customer service advocate.

31. At all times during his employment, Mr. Hamilton carried out his job duties with diligence and care, consistently meeting or exceeding Defendants' legitimate performance expectations.

### *Repugnant Racial Discrimination Against Mr. Hamilton, Fostered and Condoned by the Company*

32. Mr. Hamilton began experiencing race and color animus almost immediately after he began employment at the Rockaway Park Branch.

33. In the presence of Defendant Rudy, customers routinely referred to him by the N-word, called him "the brown guy" or "the black guy", and spewed other racist comments at him.

34. One customer told him to "shut up and shut your damn mouth" and stated that "people like *you* do not need to be in positions like this"

35. Other customers expressed their distaste for the music played at the branch, referring to it as "N-music".

36. One customer stated, "people like you are stealing keys, copying them and breaking into boxes."

37. Another customer called him a "gorilla" and when Mr. Hamilton politely asked the customer to walk away, the customer called him a "fucking stupid asshole" and stated, "people like you do not deserve jobs here" and "you should be on the street begging for change or working in McDonalds."

38. Mr. Hamilton repeatedly complained about customers' discriminatory conduct.

39. He used a Capital One system, Touchpoint, to record and report to management the hostility he encountered by customers.

40. Mr. Hamilton also complained directly to Defendant Rudy, but Defendant Rudy repeatedly told him in sum and substance, "the customer is always right."

41. Mr. Hamilton also complained to Human Resources about the discrimination.

42. Nothing was ever done to redress his complaints.

43. By doing nothing to rectify customers' reprehensible treatment of Mr. Hamilton, Defendants both condoned and fostered a discriminatory work atmosphere in violation of City Law and federal law.

### *Defendants' Unlawful Termination of Mr. Hamilton*

44. In October 2017, on three separate instances that occurred within the span of a few days, a customer repeatedly and vociferously abused Mr. Hamilton within earshot of Mr. Rudy, bank employees and customers.

45. The customer contemptuously called Mr. Hamilton the N-word and "black bitch" and told Mr. Hamilton to "blow him".

46. Mr. Hamilton reported each instance to Defendant Rudy, who took no remedial action.

47. Defendant Rudy, himself, heard the customer abusing Mr. Hamilton on the first and third instances, as they took place in the presence of Defendant Rudy.

48. During the third occurrence, Mr. Hamilton reminded Defendant Rudy that this was the same customer who had been to the branch multiple times, having abused him previously.

49. During the third instance, when the customer continued his tirade on the street directly in front of Mr. Hamilton's window, Mr. Hamilton stepped outside the bank to politely instruct the customer to stop.

50. All of this occurred in the presence of Defendant Rudy, who showed no compassion, remorse or concern for Mr. Hamilton.

51. It was only after police showed up to remove the recalcitrant customer that incident was quelled.

52. Approximately *a month and a half after the incident*, in early December 2017, an Employee Relations associate scrutinized Mr. Hamilton about his behavior during the October encounter.

53. Rather than inquiring about the customer's hateful behavior and without expressing any concern for Mr. Hamilton's well-being, the associate rebuked Mr. Hamilton and curtly stated that the Company has gathered all the information it needed.

54. A few days later, Mr. Hamilton was called into Mr. Rudy's office and summarily terminated.

55. Defendants' termination of Plaintiff was abhorrent and malicious.

56. Defendants' termination of Plaintiff was based on Plaintiff's race and/or color.

57. Defendants' termination of Plaintiff was in retaliation for Plaintiff's complaints of discrimination.

***Defendant's Failure to Pay Overtime***

58. Defendants have willfully disregarded and purposefully evaded recordkeeping

requirements of the FLSA, NYLL and supporting regulations.

59. Defendants failed to pay Mr. Hamilton properly under the FLSA and NYLL.

60. In October 2015, Defendants hired Plaintiff with an annual salary compensation of $44,500.

61. Defendants increased Mr. Hamilton's salary to $47,200 approximately six to seven months after he commenced employment.

62. Mr. Hamilton was a non-exempt employee who was incorrectly paid as an exempt employee with a flat salary regardless of the number of hours he worked.

63. Throughout his employment with Defendant, Mr. Hamilton consistently worked more than 40 hours a week.

64. Mr. Hamilton did not exercise any independent judgment or discretion with regard to matters of major significance for Defendants.

65. Mr. Hamilton did not exercise supervisory authority over employees. He did not determine or set rates of pay or regularly make suggestions that were given significant weight as to pay of other employees. He did not hire or fire employees or regularly make suggestions that were given significant weight as to hiring or firing. He did not set employee schedules.

66. From October 2015 through in or about May 2016, Mr. Hamilton typically worked as follows:

    a. He worked five days a week;

    b. He worked four days during the week and most Saturdays;

    c. When he did not work Saturdays, he worked five days during the week;

    d. His weekday hours were generally 8:30 a.m. to 7:00 p.m. (10.5 hours);

    e. His Saturday hours were generally 9:30 a.m. to 2:30 p.m. (5 hours);

    f. He did not take more than a 10 or 15 minute meal break; and

    g. His generally worked approximately 47 to 52.5 hours per week, inclusive of the brief meal break.

67. From May 2016 to his termination of employment, Mr. Hamilton's hours were generally:

    a. He worked five days a week;

    b. He worked four days during the week and most Saturdays;

    c. When he did not work Saturdays, he worked five days during the week;

    d. His weekday hours were generally 8:30 a.m. to 6:00 p.m. (9.5 hours);

    e. His Saturday hours were generally 9:30 a.m. to 2:30 p.m. (5 hours);

    f. He did not take more than a 10 or 15 minute meal break; and

    g. He generally worked 43 to 47.5 hours a week, inclusive of the brief meal break.

68. Mr. Rudy was aware that Mr. Hamilton worked overtime but insisted that Mr. Hamilton remain on the clock for only 40 hours.

69. Mr. Hamilton would clock out of work but continue working. Mr. Rudy was aware of this.

70. Defendants only paid Mr. Hamilton for 40 hours a week.

71. Defendants failed to pay Mr. Hamilton the overtime premium of time-and-a-half for each overtime hour worked.

72. Defendants are liable to Mr. Hamilton for overtime wages.

## FIRST CAUSE OF ACTION

*Race and Color Discrimination Under Title VII*
*Against Capital One*

73. Plaintiff repeats and realleged all paragraphs above as though fully set forth herein.

74. Title VII makes it unlawful for an employer to "… discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's… race [or] color…"

75. By the acts and practices described above, Capital One intentionally discriminated against Plaintiff based on his race (African American) and/or color (black), in violation of Title VII.

76. As a proximate result of Capital One's unlawful conduct, Plaintiff has suffered emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation, and substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION

*Retaliation Under Title VII*
*Against Capital One*

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Title VII makes it unlawful for an employer to "discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter …"

79. By the acts and practices described above, Capital One intentionally retaliated against Plaintiff because he complained about race (African American) and color (black) discrimination, in violation of Title VII.

80. As a proximate result of Capital One's unlawful conduct, Plaintiff has suffered emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation

and harm to his reputation, and substantial losses in past and future earnings and other fringe benefits.

### THIRD CAUSE OF ACTION

*Race and Color Discrimination under Section 1981*
*against Defendants*

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. By the acts and practices described above, Defendants discriminated against Plaintiff based on his race and/or color, in violation of Section 1981(c).

83. Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…" 42 U.S.C. § 1981(a).

84. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

85. Defendants knew that their actions constituted discrimination and willfully disregarded Plaintiff's statutorily protected rights.

86. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## FOURTH CAUSE OF ACTION

### *Retaliation Under Section 1981*
### *against Defendants*

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. By the acts and practices described above, Defendants retaliated against Plaintiff because he opposed complaints of discrimination, in violation of Section 1981.

89. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

90. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## FIFTH CAUSE OF ACTION

### *Race and Color Discrimination Under City Law*
### *against Defendants*

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

92. City Law makes it unlawful for "an employer or an employee or agent thereof, because of the actual or perceived…. Race [or] color…. to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

93. By the acts and practices described above, Defendants intentionally and willfully discriminated against Plaintiff on the basis of his race and/or color, in violation of City Law.

94. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional

pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation, and substantial losses in past and future earnings and other fringe benefits.

### SIXTH CAUSE OF ACTION

*Retaliation Under City Law*
*Against Defendants*

95. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96. City Law makes it unlawful to "retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden [by City Law], (ii) filed a complaint, testified or assisted in any proceeding [pursuant to City Law]…"

97. By the acts and practices described above, Defendants intentionally retaliated against Plaintiff because he complained about race and/or color discrimination, in violation of City Law.

98. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation, and substantial losses in past and future earnings and other fringe benefits.

### SEVENTH CAUSE OF ACTION

*Overtime Wage Violations under*
*the FLSA Against Defendants*

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. Throughout the statute of limitations period covered by these claims, Plaintiff regularly

worked in excess of forty (40) hours per workweek.

101. At all relevant times hereto, Defendants willfully failed and refused to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failed to keep required records, in violation of the FLSA.

102. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION

*Overtime Wage Violations under NYLL*
*Against Defendants*

103. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

104. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

105. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff required overtime rates of one and a half times his regular rate of pay for hours worked in excess of forty (40) per workweek.

106. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION

### *NYLL Failure to Notify against Defendants*

107. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

108. Pursuant to §195(3) of the NYLL, Defendant was obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, his hours worked, and the pay period.

109. Defendants failed to provide Plaintiff with a wage statement that complied with §195 of the NYLL.

110. As a direct and proximate result of Defendant' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendant failed to provide such wage statements, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding on Plaintiff's Causes of Action:

   i. back pay, prejudgment interest, front pay, penalties, and damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

   ii. compensatory damages;

   iii. punitive damages;

   iv. liquidated damages;

   v. reasonable attorneys' fees and costs incurred in this action; and

vi. any other relief that the Court deems just and proper.

[no more text on this page]

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

Dated: November 23, 2018
       New York, New York

                                            /s/
                                    Liane Fisher, Esq.
                                    Michael Taubenfeld, Esq.
                                    FISHER TAUBENFELD LLP
                                    *Attorneys for Plaintiff*
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    (212) 571-0700